M.D. Appeal Dkt.
21 - 2021

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| ELIZABETH H. LAGEMAN, BY AND THROUGH HER POWER OF ATTORNEY AND DAUGHTER, ADRIENNE LAGEMAN, | : | No. 578 MAL 2020 |
| | : | |
| | : | |
| | : | Petition for Allowance of Appeal |
| Respondents | : | from the Order of the Superior Court |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ZEPP, IV, D.O.; ANESTHESIA ASSOCIATES OF YORK, PA, INC.; YORK HOSPITAL; AND WELLSPAN HEALTH, T/D/B/A YORK HOSPITAL, | : | |
| | : | |
| | : | |
| | : | |
| Petitioners | : | |

**ORDER**

**PER CURIAM**

AND NOW, this 31st day of March, 2021, the Petition for Allowance of Appeal is

**GRANTED**, **LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to the

remaining issue. The issue, as stated by Petitioners, is:

> Did the Superior Court's majority opinion conflict with this Court's holdings in *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061 (Pa. 2006), and *Toogood v. Rogal*, 824 A.2d 1140 (Pa. 2003) (plurality), and the Superior Court's *en banc* opinion in *MacNutt v. Temple Univ. Hosp.*, 932 A.2d 980 (Pa. Super. 2007) (*en banc*), when the Superior Court found an abuse of discretion and reversible error in the trial court's refusal to give a jury instruction on *res ipsa loquitur* where the underlying case was medically complex and the plaintiff had otherwise established a *prima facie* case of medical professional negligence by direct expert testimony offered to a reasonable degree of medical certainty?